UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FELTON L. MATTHEWS | 3:08-CV-00387-LRH-VPC |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| THE STATE OF NEVADA, et al., | |
| Defendants. | July 27, 2009 |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is defendants Jim Gibbons, Catherine Cortez Masto, Howard Skolnik, Adam Endel and Joyce Thomson's ("defendants")  motion to dismiss (#47).  Plaintiff opposed (#s 55 & 60[1]), and defendants replied (#68).  For the reasons stated below, the court recommends that defendants' motion to dismiss (#47) be granted.

**I. HISTORY & PROCEDURAL BACKGROUND**

Plaintiff Felton Matthews ("plaintiff") is currently incarcerated by the Nevada Department of Corrections ("NDOC") at Ely State Prison ("ESP") (#28).  Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that defendant violated his First, Eighth and Fourteenth Amendment rights while he was incarcerated at ESP and held at the Clark County Detention Center ("CCDC").  *Id*.  Plaintiff names as a defendants the Legislature of the State of Nevada; the State

---

[1] In addition to his opposition, plaintiff filed a motion for leave to supplement his opposition to the motion to dismiss (#60), which the court granted (#65). Plaintiff also filed two other documents, styled "Emergency Notice: Count II Evidence!! Judicial Notice of error: Falsified Mail logs" (#56), and "Urgent Notice Judicial Notice: Letter to Court on 'BAD ACTS'" (#61) (emphasis in originals). These documents are filed in both the instant action and in case number 3:08-cv-00322-LRH (RAM). They both appear to add arguments to plaintiff's response and supplemental response with regard to count V of plaintiff's complaint. However, plaintiff did not move to file additional supplemental responses. Plaintiff had ample opportunity to address the motion to dismiss in his response and supplemental response. Therefore, plaintiff's additional responsive briefs (#s 56 & 61) are striken.

of Nevada; Jim Gibbons, Governor of Nevada[2]; Catherine Cortez Masto, Attorney General for the State of Nevada; "CCDC/unknown," a "jailhouse officer/Admin" employed at the Clark County Detention Center;[3] Bernard Curtis, chief of the Nevada Department of Parole and Probation; Kechia English, Investigator for Child Protective Services; Howard Skolnik, Director of NDOC; Adam Endel, Associate Warden of Programs at ESP; and Joyce Thomson, caseworker at ESP.[4] *Id*.

Plaintiff's complaint includes five counts of alleged constitutional violations, as follows (#28):

Count I: Plaintiff alleges that defendants violated his Fourteenth Amendment right to due process and equal protection, and to protection from ex post facto implementation of law. Plaintiff claims that by passing "new laws that increase [his] punishment and tier rating as a convicted sex offender where they give lesser tier ratings to serial and repeat offenders," defendants have violated his Fourteenth Amendment rights. *Id*. p. 5. Plaintiff contends that

---

[2] Following all briefing on the instant motion, the parties agreed to voluntarily dismiss this action with respect to defendant Legislature of the State of Nevada and Governor Jim Gibbons (#s 75, 76). Defendant Legislature of the State of Nevada's motion to dismiss (#43) was denied as moot (#88). Further, the remaining defendants' motion to dismiss (#47) is now denied as moot with respect to defendants Governor Jim Gibbons and the State of Nevada.

[3] On June 5, 2009, plaintiff moved to substitute Douglas C. Gillespie, Clark County Sheriff for "CCDC/unknown" (#87).

[4] Plaintiff filed a "motion to dismiss defendants K. English &... Bernard Curtis without prejudice w/request to file Magistrate's order of facts, findings, and conclusions for 09-cv-N-160-BES (VPC)" (#77). Defendants filed a response stating that they had no opposition to dismissing these two defendants; however, a dismissal was not necessary because defendants English and Curtis were never served in this case (#80). Plaintiff then sent a letter to the Clerk requesting both that defendants English and Curtis be dismissed and that plaintiff be granted an extension of time to serve these defendants (#83). As the court was unclear of plaintiff's intentions, on May 14, 2009, it ordered plaintiff to file a notice with the court by Friday May 29, 2009, and choose whether he wished to proceed in this case against defendants English and Curtis, or whether he wished to dismiss these defendants from this action (#84). The court stated that if plaintiff failed to make his intentions clear, "the court will proceed with service of process on Kechia English and Bernard Curtis and will strike plaintiff's motion to dismiss." *Id*. On June 15, 2009, plaintiff requested the court issued him a summons and a copy of the complaint to serve upon defendants English and Curtis (#90). Defendant English was served on July 10, 2009 (#94), and defendant Curtis was served on July 16, 2008.

2

1  Assembly Bill 579 ("AB 579") and Senate Bill 471 ("SB 471") apply ex post facto penalties on
2  him and others similarly situated, by increasing his sentence and putting him at risk of attack. *Id*.
3  p. 6-10.

4        Count II: Plaintiff alleges that defendants violated his Fourteenth Amendment rights to
5  equal protection and due process by failing to remove "libel and slander" from his file, in
6  violation of the policy of NDOC administrative regulations to "correct data submitted by third
7  parties." *Id*. p. 11. Plaintiff also claims that Nev. Rev. Stat. 213.30 creates ex post facto penalties
8  and affects his rights under his plea agreement. *Id*. p. 12.

9        Count III: Plaintiff claims that defendants violated his Eighth Amendment right against
10  cruel and unusual punishment when Dr. Pagliani "deliberately committed malpractice," and when
11  parole and probation and Dr. Pagliani failed to "address or correct" "libel and slander," which is
12  included in his file based on statements of third parties. *Id*. p. 13.

13        Count IV: Plaintiff alleges that defendants violated his Eighth Amendment right against
14  cruel and unusual punishment. Again, plaintiff references false statements included in his file, and
15  states that he is "entitled to protection against cruel and unusual punishment in the form of
16  harrassment (sic) and libel and slander by CCDC and NDOC employees." *Id*. p. 14. Plaintiff
17  states that he has been held in "illegal and excessive" administrative segregation because
18  defendants Endel and Skolnik will not remove the information from his file. *Id*. p. 15.

19        Count V: Plaintiff claims that defendants have violated his First Amendment right to
20  access the courts because "the exhibits A-I in a memorandum to Pershing County Court did not
21  reach and [he] was not served a motion for abeyance which delayed justice on a state level which
22  could have given [him] relief on at least a records correction." *Id*. p. 16.

23       The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff
24  appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit
25  of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see*
26  *also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

27
28

## II.  DISCUSSION & ANALYSIS

**A.  Discussion**

### 1.  Motion to Dismiss Standard

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Barnett v. Centoni*, 31 F. 3d 813, 816 (9th Cir. 1994); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). For the movant to succeed, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Barnett*, 31 F. 3d at 816; *see also Rothman v. Vedder Park Mgt.*, 912 F.2d 315, 316 (9th Cir. 1990).

Under section 1983, a plaintiff must allege that (1) defendants subjected him to the deprivation of a right, privilege or immunity guaranteed by the U.S. Constitution or U.S. law, and (2) that the defendant acted under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). "'Conclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act.'" *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (quoting *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977)). However, "the federal rules require only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (*citing* Fed.R.Civ.P. 8(a)). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims. *Id*., *citing Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**B.  Analysis**

### 1.  *Res Judicata*

Defendants contend that counts II, III, and IV are barred by the doctrine of *res judicata*, and must be dismissed (#47, p. 9). Specifically, defendants claim that plaintiff "has previously filed at least two federal cases challenging the 'libel and slander' contained in his custodial records." *Id*. Plaintiff makes the same allegations that the "aggressive homosexual" label is

1  illegally permitted to remain in is file. *Id*. The court has previously determined that plaintiff's
2  claims regarding the "aggressive homosexual" label were barred by the doctrine of *res judicata*,
3  in case 3:06-cv-401-RLH-VPC. *Id*. p. 10.

4  Plaintiff's position is that "the discovery rule" prevents the application of *res judicata* as
5  to his conspiracy claims (#57, p. 7). Plaintiff acknowledges that *res judicata* may bar the
6  relitigation of his claims regarding libel and slander, but asserts that he has not yet litigated any
7  claims with regard to conspiracy. *Id*. Plaintiff also makes incomprehensible and inapplicable
8  claims that he is entitled to habeas corpus relief, and that Judge Mosley is conspiring with other
9  state officials to deny plaintiff's civil rights. *Id*. Plaintiff also contends that he did not learn of
10 NDOC's policy of allowing information submitted by third parties to be included in prisoners'
11 files until May 30, 2008. Therefore, his 2003 attack on the "aggressive homosexual" label was
12 futile (#60, p. 4).

13 Defendants reply that "[a]ny alleged conspiracy Plaintiff is attempting to argue took place
14 at CCDC. NDOC actors had nothing to do with this conspiracy" (#68, p. 6). Further, the alleged
15 conspiracy stems from plaintiff's claims regarding the "slander and libel" contained in his I-file;
16 therefore, such claims are barred by *res judicata*. *Id*.

17 "In order to bar a later suit under the doctrine of *res judicata*, an adjudication must (1)
18 involve the same "claim" as the later suit; (2) have reached a final judgment on the merits; and
19 (3) involve the same parties or their privies." *Nordhorn v. Ladish Company, Inc*., 9 F.3d 1402,
20 1404 (9th Cir. 1993), *see also Sidhu v. Flecto Company*, 279 F.3d 896, 900 (9th Cir. 2002). The
21 Ninth Circuit has also held that "the doctrine of *res judicata* (or claim preclusion) bars all grounds
22 for recovery which could have been asserted, whether they were or not, in a prior suit between
23 the same parties... on the same cause of action." *Constantini v. Trans World Airlines*, 681 F.2d
24 1199, 1201 (9th Cir. 1982). The court addresses each of these three issues in turn.

25       **a.    Same Claim**

26 To determine whether two suits involve the same claim, courts consider four criteria:

27       (1) whether rights or interests established in the prior judgment
   would be destroyed or impaired by prosecution of the second
28       action; (2) whether the two suits involve infringement of the same

> right; (3) whether substantially the same evidence is presented in the two actions; and (4) whether the two suits arise out of the same transactional nucleus of facts."

*Sidhu*, 279 F.3d at 900.

In both *Matthews v. McDaniel*, 3:05-cv-00326-ECR-VPC ("*Matthews I*"), and *Matthews v. A. Endel*, 3:06-cv-00401-RLH-VPC ("*Matthews II*"), plaintiff made similar allegations to those in the instant action  As the court stated in *Matthews II*:

> In his amended complaint in *Matthews I*, plaintiff alleged that his Eighth Amendment rights were violated because CCDC staff "slandered me in I-File (sic) for taking measures to protect myself which may have influenced sentencing (already exhausted) and is currently influencing custody as if I was a violent Homosexual (sic)....It resulted in bodily harm...it has affecting liberty interest (sic): personal correspondence and return to CCSN." (Case 3:05-cv-0326-ECR-VPC, #11, p. 10). In his complaint in [*Matthews II*], in Count 1, plaintiff alleges that his Eighth Amendment rights have been violated in part due to the label and that he has a "vested liberty interest in going to P/S and removing the tag from my I-File." In Count 2, plaintiff alleges that his Fourteenth Amendment rights were violated because he was denied protective segregation because of the label in his I-File (#4, p. 4-7). In Count 3, plaintiff alleges that he is in imminent danger of physical bodily harm because of the label, so long as he is housed outside of protective segregation.

Case No. 3:06-cv-00401-RLH-VPC (#209, p. 6, n. 4). In the present action, in counts II, III, and IV, plaintiff claims that defendants violated his Fourteenth and Eighth Amendment rights when they failed to remove "libel and slander" from his file, when Dr. Pagliani failed to "address or correct" the "libel and slander" in his file, and when they subjected him to cruel and unusual punishment in the form of "harassment and libel and slander" (#28, p. 11-14).

First, defendants' rights or interests established in *Matthews II* may be impaired by prosecution of this action as summary judgment was granted in favor of defendants in *Matthews II*. Second, the three suits involve infringement of the same rights. Plaintiff alleges that defendants violated his Eighth and Fourteenth Amendment rights in all three actions. Plaintiff's introduction of conspiracy allegations here does not change this. An allegation of conspiracy does not itself state a claim for relief under § 1983; plaintiff must also allege a constitutional deprivation. Without a deprivation of a constitutional right, conspiracy allegations do not give rise

6

to a section 1983 claim. *Thore v. Howe*, 466F.3d 173, 179 (1st Cir. 2006); *Cefeu v. Village of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000); *Young v. County of Fulton*, 160 F.3d 899, 904 (2d Cir. 1998). Plaintiff has alleged that defendants violated his Eighth and Fourteenth Amendment rights in all actions; therefore, the three suits involve infringement of the same rights. Third, the same evidence will likely be presented here as was presented in *Matthews II*, as both cases involve nearly the same allegations and facts and essentially the same parties. Again, although plaintiff did not raise a conspiracy claim before now, this claim is based on the same exact set of facts against the same parties as his previous two lawsuits. Fourth, the two suits arise out of the same transactional nucleus of facts. The "time, cause, and circumstances" of the claims in both actions are the same. *See Leon*, 464 F.3d at 962. Plaintiff's assertion that NDOC is required to remove the "aggressive homosexual" label from his I-File is the same in all three cases. Given that both of these cases are based upon plaintiff's objection to the "aggressive homosexual" label in his I-File and treatment plaintiff feels he has received as a result of that label, both cases arise out of the same transactional nucleus of facts.

### b.     final judgment on the merits

The court's decisions in *Matthews I* and *II* were final judgments on the merits. In *Matthews I*, the court dismissed plaintiff's complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b). A dismissal under 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see also Leon v. IDX Systems Corporation*, 464 F.3d 951 (9th Cir. 2006) ("a dismissal with prejudice is a determination on the merits."). In *Matthews II*, the court granted defendants' motion for summary judgment, which is also a final judgment on the merits.

### c.     **Same Parties or their Privies**

Plaintiff has named some of the same parties in this case as in *Matthews II*. In both cases he names Adam Endel and Joyce Thomson. Further, both suits are brought against various NDOC actors.[5] Because all named defendants have been employees of NDOC, there is privity among

---

[5] In the instant action, plaintiff also names as defendants Kechia English and Bernard Curtis. Neither defendant is an NDOC employee. However, as these defendants have not yet been served and are not parties to the instant motion to dismiss, the court does not include them in any analysis.

7

them. *Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1398 (9th Cir. 1992) ("""There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is *res judicata* in relitigation of the same issue between that party and another officer of the government."). Therefore, the third requirement is satisfied.

The court concludes that all three requirements of *res judicata* are satisfied, and any claims relating to the "aggressive homosexual" label and plaintiff's treatment because of the label by NDOC officials are barred. This includes all of plaintiff's allegations against defendants Masto, Skolnik, Endel, and Thomson in Counts II, III, and IV.[6]

### 2.  Count V - Mail Tampering

In count V, plaintiff alleges that defendants have violated his First Amendment right to access the courts by tampering with his legal mail (#28, p. 16). Specifically, plaintiff claims that defendants' actions caused mail he sent to the Pershing County Court to not be delivered, which "delayed justice." *Id*.

Defendants argue that count V of plaintiff's complaint should be dismissed because plaintiff "previously filed at least two other actions in which he claimed NDOC actors were tampering with his legal mail" (#47, p. 11). Case 3:08-cv-00091-LRH-VPC was dismissed without prejudice upon screening. *Id*., ex. D-2. In case 3:08-cv-00322, plaintiff also claims that defendants are tampering with is legal mail. *Id*., ex. E. Specifically, in count II of case 3:08-cv-322, plaintiff alleges that defendants have continually tampered with his legal mail since March 12, 2001, which is identical to plaintiff's claim in count V of the instant action. *Id*. Defendants contend that plaintiff "cannot concurrently maintain two actions based on the same nucleus of operative facts;" therefore, count V should be dismissed. *Id*. Plaintiff does not clearly respond to defendants arguments. Rather, plaintiff states that defendants submitted false mail logs in case 3:08-cv-00322 and that he rests on his allegations in his "emergency judicial notice" (#57, p. 9).

The document plaintiff filed, styled "emergency notice: count II evidence!!" (#56) was

---

[6]Defendants' *res judicata* argument concerns the same claims as their statute of limitations argument. Since these claims are barred by *res judicata*, the court does not address the defendants' statute of limitations argument.

8

previously stricken by the court in this order as an excessive response to defendants' motion to dismiss. Plaintiff admits that he filed the same document in this case and in case 3:08-cv-00322. Plaintiff's claims regarding mail tampering are the same in both cases. Plaintiff cannot bring two cases including the same claims against the same defendants arising under the same operative facts. Such litigation tactics are vexatious and are a waste of court resources. Therefore, defendants' motion to dismiss is granted as to count V.[7]

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that all counts of plaintiff's complaint fail to state a claim upon which relief can be granted:

Count I - The parties previously agreed to voluntarily dismiss all defendants implicated by count I (#s 75 & 76). Further, in a separate action, the District Court entered an permanent injunction against the enforcement of AB 579 and SB 471 (Case 2:08-cv-00822-JCM-PAL, Docket #77). Therefore, count I is now moot.

Counts II, III, and IV - Plaintiff's claims alleging violations of his Eighth and Fourteenth Amendment rights due to "libel and slander" in his file are barred by the doctrine of *res judicata*;

Count V - Plaintiff is currently litigating his claims regarding mail tampering in Case 3:08-cv-00322, and cannot maintain such claims in two separate actions.

As such, the court respectfully recommends that defendants' motion to dismiss (#47) be **GRANTED**, and plaintiff's claims against defendants Masto, Skolnik, Endel, and Thomson be dismissed with prejudice.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate

---

[7] Additionally, as the parties previously agreed to voluntarily dismiss all defendants in count I (#s 75 & 76), defendants' motion to dismiss is denied as moot as to count I.

9

1  Judge's Report and Recommendation" and should be accompanied by points and authorities
2  for consideration by the District Court.
3       2.    This report and recommendation is not an appealable order and any notice of
4  appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District
5  Court's judgment.

### IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (#47) be **GRANTED**, and plaintiff's claims against defendants Masto, Skolnik, Endel, and Thomson be dismissed with prejudice.

**DATED:** July 27, 2009.

_____
**UNITED STATES MAGISTRATE JUDGE**