|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |

FELTON L. MATTHEWS                    )
                                                          )   3:08-CV-00387-LRH-VPC
         Plaintiff,                                )
                                                          )
   vs.                                               )   **REPORT AND RECOMMENDATION**
                                                          )   **OF U.S. MAGISTRATE JUDGE**
THE STATE OF NEVADA, et al.,       )
                                                          )
         Defendants.                            )   July 27, 2009
_____)

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for preliminary injunction, <u>or in the alternative</u>, permanent injunction (#21). Plaintiff also filed a motion for leave to amend/supplement the motion for preliminary injunction (#30). Defendants opposed (#s 41 & 46[1]), and plaintiff replied (#54). For the reasons stated below, the court recommends that plaintiff's motion for preliminary injunction (#s 21 & 30) be denied.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Felton Matthews ("plaintiff") is currently incarcerated by the Nevada Department of Corrections ("NDOC") at Ely State Prison ("ESP") (#28). Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that defendant violated his First, Eighth and Fourteenth Amendment rights while he was incarcerated at ESP and held at the Clark County Detention Center ("CCDC"). *Id*. Plaintiff names as a defendants the Legislature of the State of Nevada; the State of Nevada; Jim Gibbons, Governor of Nevada[2]; Catherine Cortez Masto, Attorney General for

---

[1] Docket #41 is the response of defendant Legislature of the State of Nevada. Docket #46 is the response of defendants Jim Gibbons, Catherine Cortez Masto, Howard Skolnik, and Adam Endel.

[2] Following all briefing on the instant motion, the parties agreed to voluntarily dismiss this action with respect to defendant Legislature of the State of Nevada and Governor Jim Gibbons (#s 75, 76). Defendant Legislature of the State of Nevada's motion to dismiss (#43) was denied as moot

the State of Nevada; "CCDC/unknown," a "jailhouse officer/Admin" employed at the Clark County Detention Center;[3] Bernard Curtis, chief of the Nevada Department of Parole and Probation; Kechia English, Investigator for Child Protective Services; Howard Skolnik, Director of NDOC; Adam Endel, Associate Warden of Programs at ESP; and Joyce Thomson, caseworker at ESP.[4] *Id*.

Plaintiff's complaint includes five counts of alleged constitutional violations, as follows (#28):

Count I: Plaintiff alleges that defendants violated his Fourteenth Amendment right to due process and equal protection, and to protection from *ex post facto* implementation of law. Plaintiff claims that by passing "new laws that increase [his] punishment and tier rating as a convicted sex offender where they give lesser tier ratings to serial and repeat offenders," defendants have violated his Fourteenth Amendment rights. *Id*. p. 5. Plaintiff contends that Assembly Bill 579 and Senate Bill 471 apply *ex post facto* penalties on him and others similarly situated, by increasing his sentence and putting him at risk of attack. *Id*. p. 6-10.

Count II: Plaintiff alleges that defendants violated his Fourteenth Amendment rights to

---

(#88). Further, the remaining defendants' motion to dismiss (#47) was denied as moot with respect to defendant Governor Jim Gibbons (#96, n.2).

[3]On June 5, 2009, plaintiff moved to substitute Douglas C. Gillespie, Clark County Sheriff for "CCDC/unknown" (#87).

[4]Plaintiff filed a "motion to dismiss defendants K. English &... Bernard Curtis without prejudice w/request to file Magistrate's order of facts, findings, and conclusions for 09-cv-N-160-BES (VPC)" (#77). Defendants filed a response stating that they had no opposition to dismissing these two defendants; however, a dismissal was not necessary because defendants English and Curtis were never served in this case (#80). Plaintiff then sent a letter to the Clerk requesting both that defendants English and Curtis be dismissed and that plaintiff be granted an extension of time to serve these defendants (#83). As the court was unclear of plaintiff's intentions, on May 14, 2009, it ordered plaintiff to file a notice with the court by Friday May 29, 2009, and choose whether he wished to proceed in this case against defendants English ad Curtis, or whether he wished to dismiss these defendants from this action (#84). The court stated that if plaintiff failed to make his intentions clear, "the court will proceed with service of process on Kechia English and Bernard Curtis and will strike plaintiff's motion to dismiss." *Id*. On June 15, 2009, plaintiff requested the court issued him a summons and a copy of the complaint to serve upon defendants English and Curtis (#90). Defendant English was served on July 10, 2009 (#94), and defendant Curtis was served on July 16, 2008.

1  equal protection and due process by failing to remove "libel and slander" from his file, in
2  violation of the policy of NDOC administrative regulations to "correct data submitted by third
3  parties." *Id*. p. 11. Plaintiff also claims that Nev. Rev. Stat. 213.30 creates *ex post facto* penalties
4  and affects his rights under his plea agreement. *Id*. p. 12.

5  Count III: Plaintiff claims that defendants violated his Eighth Amendment right against
6  cruel and unusual punishment when Dr. Pagliani "deliberately committed malpractice," and when
7  parole and probation and Dr. Pagliani failed to "address or correct" "libel and slander," which is
8  included in his file based on statements of third parties. *Id*. p. 13.

9  Count IV: Plaintiff alleges that defendants violated his Eighth Amendment right against
10 cruel and unusual punishment. Again, plaintiff references false statements included in his file, and
11 states that he is "entitled to protection against cruel and unusual punishment in the form of
12 harrassment (sic) and libel and slander by CCDC and NDOC employees." *Id*. p. 14. Plaintiff
13 states that he has been held in "illegal and excessive" administrative segregation because
14 defendants Endel and Skolnik will not remove the information from his file. *Id*. p. 15.

15 Count V: Plaintiff claims that defendants have violated his First Amendment right to
16 access the courts because "the exhibits A-I in a memorandum to Pershing County Court did not
17 reach and [he] was not served a motion for abeyance which delayed justice on a state level which
18 could have given [him] relief on at least a records correction." *Id*. p. 16.

19 The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff
20 appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit
21 of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see*
22 *also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

23 **II. DISCUSSION & ANALYSIS**
24 **A.  Discussion**
25     **1.  Preliminary Injunction Standard**
26 A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded
27 as of right. *Munaf v. Geren*, --- U.S. ----, ----, 128 S.Ct. 2207, 2219, 171 L.Ed.2d 1 (2008)
28 (citations and quotation omitted). Instead, the instant motion requires the court to "'balance the

competing claims of injury and . . . the effect of the granting or withholding of the requested relief.'" *Winter v. Natural Res. Def. Council*, --- U.S. ----, ----, 129 S.Ct. 365, 376 (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987)). A plaintiff seeking a preliminary injunction must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest. *Id.* at 374 (citations omitted).[5]

The Prison Litigation Reform Act (PLRA) imposes certain guidelines on the prospective relief to be granted to an inmate litigant challenging prison conditions:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). "Section 3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators – no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

**B.     Analysis**

Plaintiff seeks an "injunction against SB471, 579, and against all Nevada Special Victim Units and Child Protective Services and Nevada PNP" (#21, p. 1). Specifically, plaintiff moves

---

[5] Before *Winter*, the courts in this circuit occasionally applied an alternative, "sliding-scale" test for issuing a preliminary injunction which allowed the movant to offset the weakness of a showing on one factor with the strength of another. *See Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir. 2005). In *Winter*, the Supreme Court did not directly address the viability of the balancing approach. *Winter*, 129 S.Ct. at 392 (Ginsburg, J., dissenting) ("[C]ourts have evaluated claims for equitable relief on a 'sliding scale,' sometimes awarding relief based on a lower likelihood of harm when the likelihood of success is very high ... This Court has never rejected that formulation, and I do not believe it does so today."). In any event, the court will consider prospective relief based on all four of the traditional preliminary injunction requirements. Applying the balancing approach here would not lead to a different result, as Plaintiff has not made a strong showing on any single factor for injunctive relief. *See infra.*

for five forms of injunctive relief with regard to Assembly Bill 579 and Senate Bill 471 and the Nevada Department of Parole and Probation, as follows:

> 1) Permanent Injunction on retro-active implementation of [Amie] Zyla Act from the time it's implemented.
> 2) Increase penalties for attacks on child sex offenders to support adequate equal protection of that of <u>hate crime</u>.
> 3) Permanent injunction on the current use of [child protective services] and D.A./A.G. prosecution and investigation techniques. If it starts in family court it goes clean to <u>trial</u>, the accused keeps their bonds (sic)....
> 4) <u>Strike</u> [the Department of Parole and Probation's] policy on [pre-sentence investigation report] and I-file correction. Third parties have no right to lie on inmates or defendants. It's clearly unconstitutional. Order mass authenticated [pre-sentence investigation report]/criminal record corrections.
> 5) Due process on sex offender registration.

(#21, p. 5-6) (emphasis in original).

**1.    Likelihood of Success on the Merits**

To obtain a preliminary injunction, plaintiff must offer evidence that there is a likelihood he will succeed on the merits of his claim. *Johnson*, 72 F.3d at 1430. "Likelihood of success on the merits" has been described as a "reasonable probability" of success. *King v. Saddleback Junior College Dist.*, 425 F.2d 426, 428-29 n.2 (9th Cir. 1970).

Plaintiff's motion for preliminary injunction appears to apply to counts I-IV of his complaint.[6] Plaintiff's first request, an order enjoining the enforcement of AR 579 and SB 471, applies only to the State of Nevada and the Legislature of the State of Nevada. However, the parties agreed to voluntarily dismiss this action with prejudice with respect to defendant Legislature of the State of Nevada and Governor Jim Gibbons (#s 75 & 76). Therefore, plaintiff's motion for preliminary injunction is moot as to relief against these defendants. Further, in a separate action, the District Court entered a permanent injunction against AB 579 and SB 471 (Case 2:08-cv-00822-JCM-PAL, #77). As a permanent injunction is already in place, the court need not enter another injunction, and plaintiff's request is moot.

Plaintiff's remaining requests for injunctive relief (2-5) do not appear to apply directly to

---

[6] Plaintiff also filed a second motion for preliminary injunction regarding his mail tampering allegations in count V of his complaint (*See* #33).

5

1  plaintiff. Plaintiff is currently incarcerated; therefore, any policies employed by state agencies
2  who are involved in the prosecution of sex offenders are not applicable to plaintiff. Additionally,
3  even assuming the state was violating convicted sex offenders' due process rights through certain
4  post-release registration requirements, as plaintiff is incarcerated, none of these registration
5  requirements applies to him at this time. Therefore, plaintiff does not have standing to bring such
6  claims. If plaintiff is challenging the methods used by the named agencies during plaintiff's
7  criminal trial or the evidence introduced at his criminal trial, plaintiff must bring such a challenge
8  through a petition for a writ of habeas corpus. Therefore, plaintiff has not demonstrated a
9  likelihood of success on the merits.

### 2. Irreparable Injury

To obtain a preliminary injunction, plaintiff must offer evidence that he will be irreparably injured without the injunction. *Johnson*, 72 F.3d at 1430. "Courts generally do look at the immediacy of the threatened injury in determining whether to grant preliminary injunctions." *Privitera v. California Bd. Of Medical Quality Assurance*, 926 F.2d 890, 897 (9th Cir. 1991) *citing Caribbean Marine*, 844 F.2d at 674 ("a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief").

Plaintiff does not directly specify what irreparable injury he will immediately suffer without an injunction. He makes broad statements alleging that Child Protective Services violate the rights of sex offenders during investigation, prosecution, and sentencing of offenses. Again, plaintiff has been convicted and is incarcerated. Plaintiff does not have standing to challenge the methods Child Protective Services uses to investigate the alleged crimes of other people. Plaintiff cannot challenge his conviction through a section 1983 civil rights action. *See Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff has not demonstrated that he will suffer irreparable injury.

### 3. Balance of Hardships and Public Interest

Because the court concludes that plaintiff failed to demonstrate a likelihood of success on the merits and irreparable injury, the court has not addressed the balance of hardships or public

6

1  interest elements.[7]

## III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff has failed to meet the standard for issuance of a preliminary injunction. As such, the court respectfully recommends that plaintiff's motion for preliminary injunction (#21) and motion for leave to amend the motion for preliminary injunction (#30) be **DENIED**.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for preliminary injunction (#21) and motion for leave to amend the motion for preliminary injunction (#30) be **DENIED**.

**DATED:** July 27, 2009.

_____
**UNITED STATES MAGISTRATE JUDGE**

---

[7] Plaintiff also filed a "motion for leave to amend/supplement motion for preliminary injunction: FRCP Rule 15" (#30). As an initial matter, Rule 15 applies only to the amendment of pleadings; therefore, it is inapplicable in this case. Further, plaintiff has introduced no arguments that were not presented in his initial motion for preliminary injunction (#21). Plaintiff brings his amended motion against only the State of Nevada and the Nevada Legislature (#30). As previously discussed, the parties agreed to voluntarily dismiss these defendants (#s 75 & 76). Therefore, plaintiff's motion for leave to amend and amended motion for preliminary injunction (#30) is **denied**.