|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | DISTRICT OF NEVADA | |

FELTON L. MATTHEWS, JR.  )
                                        )    3:08-CV-00387-LRH-VPC
    Plaintiff,      )

v.  )  **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

STATE OF NEVADA LEGISLATURE, )
*et al.*,  )
    Defendants.  )    December 29, 2009

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendant Bernard Curtis's motion to dismiss (#103), defendant Kechia English's motion to dismiss (#101), defendant Douglas Gillespie's motion to dismiss (#113), and plaintiff's motion for summary judgment (#108). Plaintiff opposed the motions to dismiss (#s 107, 109, 118), and defendants English and Gillespie replied (#s 114, 121).

The court has throughly reviewed the record and the motions and recommends that defendants' motions to dismiss (#s101, 103, 113) be granted and plaintiff's motion for summary judgment (#108), and accompanying request (#119), be denied as moot.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Felton L. Matthews ("plaintiff"), a *pro se* prisoner, is currently incarcerated at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#28). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging violations under the Fourteenth Amendment, Eighth Amendment, First Amendment, and the Ex Post Facto Clause of the U.S. Constitution. *Id.* p. 4. In general, plaintiff's claims arise out of changes to state law concerning his status as a sex offender, and his inability to challenge the validity of certain documents used at his sentencing. *Id.* pp. 4-9. Plaintiff names as defendants the Nevada State Legislature; Governor Jim Gibbons; Catherine Cortez-Masto, Nevada Attorney General; Howard Skolnik, NDOC Director;

Adam Endel, Associate Warden of Programs; Joyce Thomson, Lovelock Correctional Center Caseworker; Bernard Curtis, Chief of Parole and Probation; Kechia English, Child Protection Services Investigator; and "CCDC/Unknown," an unknown officer at the Clark County Detention Center.[1]

Deciphering plaintiff's claims is difficult, but the court construes the complaint in the following manner with respect to the defendants at issue in this motion and gives plaintiff the benefit of every doubt. Count I of plaintiff's complaint alleges that the Nevada State Legislature's passage of certain legislative bills has deprived plaintiff of a constitutionally protected liberty interest without due process of law (#28, p. 5). Specifically, plaintiff contends that Assembly Bill 579 (A.B. 579) and Senate Bill 471 (S.B. 471) change requirements with respect to plaintiff's registration and supervision as a sex offender in violation of the U.S. Constitution's Ex Post Facto and Due Process Clauses. *Id.* pp. 6-10. While the thrust of plaintiff's complaint takes aim at the State Legislature and Attorney General, plaintiff appears to allege defendant English, a Child Protection Services investigator, fabricated evidence within the presentence investigation report ("PSI") (#28, p. 6). Plaintiff now seeks the opportunity to change the contents of the report. The sentencing court used the PSI for a judgment of conviction dated in March 2002 and plaintiff challenged the PSI before and after sentencing. *Id.* However, he now claims that the new law (as enacted with the passage of A.B. 579 and S.B. 479) may disadvantage him in a parole hearing (# 28, p. 6, 8). He further alleges that defendant Curtis's refusal to allow plaintiff to "correct" the contents of defendant English's report is a denial of plaintiff's constitutional right of due process (#28, p. 6).

Count II of plaintiff's complaint encapsulates the same allegations in count I, but plaintiff's claim does not focus on the effect of the two legislative bills (#28, p. 11). In other words, plaintiff simply alleges a violation of due process as a result of his inability to correct the report. *Id.*

Count IV alleges that "an unknown CCDC guard" entered false statements into a report and

---

[1] The District Court ordered the dismissal of all claims against the Nevada State Legislature and Governor Jim Gibbons (#s 75, 76). The District Court also affirmed the court's recommendation to dismiss defendants Cortez-Masto, Skolnik, Endel, and Thomson (#126). On June 5, 2009, plaintiff moved to add/substitute defendant Gillespie for the "unknown CCDC officer" (#87), and the court granted the motion in part (#99). The court allowed plaintiff to serve defendant Gillespie with the complaint. *Id.*

1  then sent the report to NDOC officials. Plaintiff further alleges that these statements resulted in
2  plaintiff's segregation and isolation (#28, p. 15). The complaint does not specifically mention
3  defendant Gillespie.

4  The remaining counts in plaintiff's complaint do not relate to present defendants.[2]
5  The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff appears *pro*
6  *se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt."
7  *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*,
8  404 U.S. 519, 520-21 (1972).

9  **II. DISCUSSION & ANALYSIS**

10 **A.    Discussion**

11     **1.    Motion to Dismiss Standard**

12 Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain
13 statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss,
14 a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that
15 is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp.*
16 *v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads
17 factual content that allows the court to draw the reasonable inference that the defendant is liable for
18 the misconduct alleged. *Id.* at 1955.

19 When considering a motion to dismiss for failure to state a claim upon which relief can be
20 granted, the court employs to a two-pronged approach. *Id.* First, the tenet that a court must accept
21 as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id.*
22 Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*
23 In other words, for the nonmovant to succeed, "the non-conclusory 'factual content,' and reasonable
24 inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."

---

[2] In count III, plaintiff alleges that false statements of fact in his record constitute cruel and unusual punishment in violation of the Eighth Amendment. Count V of plaintiff's complaint alleges that defendants have interfered with his mail. As noted in the court's previous order (# 96, p. 9), count V has been dismissed because that claim is currently being litigated in another court. *See Matthews v. LeGrand*, No. 3:08-cv-00322-LRH-RAM.

3

1  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

2  Under section 1983, a plaintiff must allege that (1) defendants subjected him to the
3  deprivation of a right, privilege or immunity guaranteed by the U.S. Constitution or federal law, and
4  (2) that the defendant acted under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see*
5  *also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

6  **B.     Analysis**

7  Plaintiff alleges deprivations of his Fourteenth Amendment Due Process rights and his Eighth
8  Amendment right against cruel and unusual punishment due to his inability to correct allegedly false
9  information in his records (#28).

10        **1.     Count I: Ripeness**

11  In count I, plaintiff alleges that the cumulative effect of defendant English's allegedly false
12  statements in the PSI, defendant Curtis's refusal to allow him to "correct" those statements in the
13  PSI, and the passage of A.B. 579 and S.B. 471 into law constitute a violation of plaintiff's
14  constitutional right to due process.  Defendants argue that the court should dismiss plaintiff's claim
15  because plaintiff has not produced a "case or controversy" for judicial review.

16  "It goes without saying that those who seek to invoke the jurisdiction of the federal courts
17  must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an
18  actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983).  A federal court
19  lacks subject matter jurisdiction over a claim that is not ripe. *S. Pac. Transp. Co. v. Los Angeles*,
20  922 F.2d 498 (9th Cir.1990), *cert. denied*, 502 U.S. 943 (1991).  A plaintiff not only must
21  demonstrate a "personal stake in the outcome," but also must prove that he "has sustained or is in
22  immediate danger of sustaining some direct injury as the result of the challenged official conduct and
23  the injury or threat of injury must be both real and immediate, not conjectural or hypothetical."
24  *Lyons*, 461 U.S. at 101 (citations omitted).

25  Plaintiff argues that since the two bills have passed into law, such laws are "ripe for attack"
26  (#109, p.2). The court disagrees. Regardless of the passage of the two bills, plaintiff has failed to
27  demonstrate that he has sustained or is likely to sustain imminent injury. Plaintiff does not allege
28  that he has had a parole hearing, nor that he will be eligible for parole in the near future. Plaintiff

4

only speculates that he may incur injury at the hands of defendants should the legislative acts take effect.[3] Therefore, plaintiff's allegations in count I do not present an actual controversy for this court.

Accordingly, the court dismisses plaintiff's claims against defendants English and Curtis in count I for lack of subject matter jurisdiction.

### 2. Count II: Due Process Claim for Records Correction

#### a. Defendant English

In count II, plaintiff claims that defendant English purposely included false statements in the PSI in violation of his due process rights. Prior to reaching the constitutional question of whether plaintiff has presented a constitutionally protected liberty interest in the accuracy of his PSI, the court addresses whether the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars plaintiff's claim.

A prisoner cannot use a § 1983 action to challenge "the fact or duration of his confinement." *Prieser v. Rodriguez*, 411 U.S. 475, 489 (1973). "He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). The rule in *Heck* prevents a plaintiff from employing a § 1983 action to undermine a conviction *or sentence* when other legal means exist for attacking that conviction or sentence. In *Heck*, the Supreme Court noted:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87. Subsequent cases expanded the applicability of the *Heck* rule. The Court noted:

> . . . a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of

---

[3] Moreover, the District Court permanently enjoined the enforcement of A.B. 579 and S.B. 471, further underscoring the argument that plaintiff's injury is not imminent. *See Am. Civil Liberties Union of Nev. v. Masto*, No. 2:08-cv-00822 (D. Nev. Oct. 7, 2008).

5

1         confinement or its duration.

2 *Wilkinson*, 544 U.S. at 82.

3     Here, the court finds that plaintiff's claim against defendant English would necessarily imply the invalidity of his sentence, and therefore, plaintiff's claim is *Heck*-barred. Specifically, should the plaintiff's challenge to the PSI succeed, the validity of plaintiff's sentence would be called into question. Plaintiff's conviction would remain the same, but different facts within the PSI would necessitate a different sentence. Success in his § 1983 action would "correct" the errors in the PSI and would necessarily impugn the validity of that sentence. Therefore, the court finds that plaintiff's claim against defendant English for allegedly false statements in the PSI is barred by the rule in *Heck*.

11     **b.**     **Statute of Limitations**

12     Assuming that plaintiff's claim against defendant English was not *Heck*-barred (i.e. correction of the false statements in the report would not necessarily impugn the validity of the sentence), plaintiff must then overcome the statute of limitations. As the court explains below, the applicable statute of limitations would bar plaintiff's suit against defendant English.

16     The accrual date of § 1983 action is a question of federal law that is not resolved by reference to state law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Aspects of § 1983 which are not governed by reference to state law are governed by federal rules conforming in general to common law tort principles. *Id.* "Under those principles, it is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is when the plaintiff can file suit and obtain relief." *Id.* (quotations omitted).

22     In this case, plaintiff alleges that defendant English published false statements in his March 2002 PSI. At common law, "a cause of action for defamation is complete at the time of publication, except when the statement is not actionable until harm has been caused, in which case the cause of action matures when harm is first caused." Restatement (Second) of Torts § 899 cmt. c (1979). Plaintiff would likely argue that the false statements did not cause harm until the two legislative acts (A.B. 579 and S.B. 471) were enacted into law. *See* #107, pp.1-2. The court disagrees. That the passage of the bills may further disadvantage plaintiff does not mean that the statements never

produced actionable harm at the outset. Plaintiff admits to challenging the statements before and after sentencing (#28, p. 6). Such actions are consistent with the view that plaintiff was in fact harmed and that the cause of action accrued at that time.[4] Therefore, the date which plaintiff's claim against defendant English accrued in March 2002.

Marking the accrual of the action, the court must next determine the applicable statute of limitations for plaintiff's claim. Plaintiff's claim is that of personal injury arising from the false statements in the report. Although section 1983 is a federal cause of action, it borrows its statute of limitations from the applicable state law. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985). In Nevada, the applicable statute of limitations for personal injury torts is two years. Nev. Rev. Stat. § 11.190.4(c). Thus, plaintiff would have had to bring his claim against defendant English by March 2004, two years after the publication of the statement. Clearly, plaintiff's filing of this claim more than six years after the accrual of the action falls outside the statute of limitations.

Therefore, assuming that plaintiff's claim is not *Heck*-barred, plaintiff's claim does not meet the applicable statute of limitations and must be dismissed on that ground.

**b.   Defendant Curtis**

On the other hand, plaintiff's claim against defendant Curtis does not suffer from the same deficiencies as those against defendant English. In his claim against defendant Curtis, plaintiff merely asserts that the procedures denied him the opportunity to correct his file and that such procedures violate his due process rights (#28, p. 11). In *Wilkinson*, the Court held that prisoners who challenged the procedural deficiencies of the state's parole procedures were not *Heck*-barred. *Wilkinson*, 544 U.S. at 82. Instead, the Court reasoned that a successful challenge to the state's procedures would not necessarily result in the prisoner's successful release on parole. *Id.* Rather,

---

[4] In addition to any challenge to the statements in his sentencing, plaintiff could have filed any civil suit that he deemed appropriate. As the Supreme Court noted in *Wallace*, the district court would likely stay the civil suit pending the resolution of the criminal matter. *See Wallace*, 549 U.S. at 393-94. Likewise here, plaintiff's civil action regarding defendant English's allegedly false statements would likely have been stayed pending the resolution of his sentencing. In any event, nothing inhibited him from filing his case at the time the statements were made in his PSI.

7

success in his § 1983 suit would only result in a new hearing. *Id.* Authorities would be free to reject the prisoner's requested release. Likewise here, plaintiff appears to only challenge defendant Curtis with respect to the procedures involved in correcting inaccurate information in his records. Therefore, this aspect of plaintiff's complaint is not barred by *Heck*.

Nonetheless, the allegations in plaintiff's complaint are simply not sufficient to state a claim against defendant Curtis. In count II, plaintiff states that the regulations deny him protection under the law (#28, p. 11). Plaintiff states, "I am entitled to equal protection and due process of law . . . . I am being denied this by Bernard Curtis of PNP and [others] based on their policy in their own A.R.'s not to correct data submitted by third parties." *Id.* Such conclusory allegations are insufficient to overcome a motion to dismiss. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Therefore, plaintiff's claim against defendant Curtis is dismissed.

///

### 3. Defendant Gillespie

Plaintiff originally styled his complaint against an "unknown" officer at the Clark County Detention Center (#28, p. 15). On June 5, 2009, plaintiff sought to add/substitute parties and issue additional summons (#87). The court granted his motion in part (#99) and ordered the clerk to issue a summons and a copy of the minute order to defendant Gillespie.

However, plaintiff has represented to this court that defendant Gillespie is not the person responsible for the alleged acts set forth in the complaint. Plaintiff asserts in his motion to the court:

> *Jerry Keller* was the past warden responsible for the incidents at CCDC with the informants and the libel and slander originally sent... [Defendant Gillespie's] refusal to send the corrective data is a continuation of *Jerry Keller's* illegal and scandalous act. Gillespie is therefore a co-conspirator to further state activities and should be prosecuted.

(#87, p. 2) (emphasis added). The complaint sets forth that the "unknown CCDC guard" is the "person who put libel and slander in my NDOC I-file" (#28, p. 2). Plaintiff has not served Mr. Keller with the complaint but rather defendant Gillespie. Plaintiff's representations to the court make abundantly clear that defendant Gillespie played no part in the alleged acts set forth in plaintiff's complaint.

8

The court is not aware and plaintiff has not provided any authority that would allow plaintiff to name one defendant in place of another merely on the ground that one has "continued" the act of another. For example, in the context of supervisory personnel, "the plaintiff must set forth some evidence that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal quotations omitted). Plaintiff does none of the above.

Therefore, claims against defendant Gillespie are dismissed.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that counts I fails for lack of subject matter jurisdiction. Count II fails to state a claim because plaintiff's claim is *Heck* barred. Additionally, plaintiff fails to state a plausible claim with respect to defendant Curtis. Plaintiff has failed to allege that defendant Gillespie personally participated in any alleged deprivation of a constitutional right.

The court recommends that defendant English's motion to dismiss (#101) be **GRANTED**. The court also recommends that defendant Curtis's motion to dismiss (#103) be **GRANTED**. The court recommends that defendant Gillespie's motion to dismiss (#113) be **GRANTED**. The court also recommends that plaintiff's motion for summary judgment (#108), as well as plaintiff's corresponding request to treat the motion for summary judgment as a cross motion for summary judgment (#119), be **DENIED** as moot.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal

1   pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendant English's motion to dismiss (#101) be **GRANTED**; that defendant Curtis's motion to dismiss (#103) be **GRANTED**; and that defendant Gillespie's motion to dismiss (#113) be **GRANTED**.  The court also recommends that plaintiff's motion for summary judgment (#108) and request to treat the motion as a cross motion for summary judgment (#119) be **DENIED** as moot.

**DATED:** December 29, 2009.

*/s/ Valerie P. Cooke*

_____

**UNITED STATES MAGISTRATE JUDGE**